IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAPADIA, NALIN H. | X | |
| PLAINTIFF | X | |
| V. | X | CIVIL ACTION NO. |
| | X | |
| LABORATORY CORPORATION OF AMERICA | X | |
| DEFENDANT | X | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KAPADIA, NALIN H., as Plaintiff in the above-styled and numbered cause of action, and makes this his original complaint, and complains of LABORATORY CORPORATION OF AMERICA, as Defendant, and for good grounds he would respectfully show the Court as follows:

### PARTIES

1. The Plaintiff is KAPADIA, NALIN H., an

1

individual person who resides in Fort Bend County, Texas. His mailing address is 23015 Fairleaf Circle, Katy, Fort Bend County, Texas 77494, telephone number 832-867-7532.

2. Defendant is LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing business in the state of Texas, that can be served by causing a summons and a copy of process to be personally served upon its Registered Agent for the receipt of process, Corporation Service Company (CSC), 211 East 7th Street #620, Austin TX 78701-3218.

## JURISDICTION

3. This Court has jurisdiction to hear this case because all of the res of this suit transpired in Harris County, Texas; and, the defendant's principal place of business is in Harris County, Texas. Jurisdiction is granted by Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. sections 2000e to 2000e-17;

2

and, the Age Discrimination in Employment Act of 1967, as codified 29 U.S.C. sections 621 to 634.

FACTS

4. Plaintiff KAPADIA, NALIN H. brings suit arising out of the terms and conditions of his employment at the LABORATORY CORPORATION OF AMERICA.

5. KAPADIA, NALIN H. was employed by the LABORATORY CORPORATION OF AMERICA as a laboratory technologist. He was 64 years of age at the time this complaint was filed. He was 64 years old when the events complained of occurred. He is a member of a protected group by being over-the-age-of-40 years. The plaintiff has been an employee of the LABORATORY COPORATION OF AMERICA for thirty (30)years eight (8) months.

6. From 1988 to 2019, he was employed as a medical laboratory technologist. He served in this capacity for thirty-one (31) years. He was competent in his job and performed it for a lengthy period of years. Prior to his termination, he had never been disciplined or counseled by his employer and had a clean employment record.

7. The plaintiff noticed over recent years that the employer was dismissing employees between the ages of 40 and 60 years. These employees had no history of incompetence or insubordination with the employer known to plaintiff. Of a sudden, the employer would accuse them of some misfeasance and dismiss them from employment.

8. The plaintiff's wife has a chronic illness that requires medical monitoring. In the past, the plaintiff has used the employer's services to perform this testing. The plaintiff then

4

accesses his wife's test results and gives them to his wife. Prior to his termination, there has never been an issue with this practice. The plaintiff had never been warned not to do this.

9. On August 9, 2019, the plaintiff accessed his wife's test results and gave them to his wife. The employer, on this occasion, took exception to the plaintiff doing this. The employer accused the plaintiff of violating HIPAA regulations and summarily terminated his employment on August 13, 2019.

10.    The employer's stated reason for termination is a pretext. The employer's proffered reason for justifying the termination is not logical or reasonable; and, does not conform to the law.

<u>CAUSES OF ACTION:</u>
<u>THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967</u>

11.    The ADEA prohibits an employer from discriminating against an employee on the basis

5

of age. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII); 29 U.S.C. § 623(a)(1) (ADEA). Under Title VII and the ADEA, a plaintiff can prove discrimination through direct or circumstantial evidence. *Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000) (ADEA).

12.     To establish a *prima facie* case of discrimination under Title VII and the ADEA, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably than similarly situated persons who were not members of the protected class. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Tex. Police Dep't.*, 370 Fed. App'x 546, 548 (5th Cir. 2010) (citing *Bodenheimer v. PPG*

*Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)) (ADEA).

13.   The plaintiff states a prima facie case against the defendant based upon age discrimination because: (A) he is a member of a protected group; (B) he is qualified for the position; (C) he has suffered an adverse employment action; and, (D) he has established that he was treated differently than other employees similarly situated. The plaintiff brings suit against the defendant for a redress of his injuries.

DAMAGES

14.   DAMAGES: GENERAL. The plaintiff pleads for general damages in an amount to be found just and right by the jury and the Court.

15.   DAMAGES: SPECIAL. The plaintiff suffered a loss of eighty-six thousand dollar per year ($86,000.00) reduction in income as the result of his termination. The plaintiff intended to

7

retire at the age of 70 years. He suffered the discrimination at the age of 64 years. Therefore, he has suffered "actual" damages in an amount not less than five hundred sixteen thousand dollars ($516,000.00).

16.    EXEMPLARY DAMAGES. The Plaintiff requests punitive or exemplary damages (liquidated damages) against the defendant by reason of its gross negligence, conscious indifference to the welfare of the Plaintiff and persons in his position, and intentional malice.

## ATTACHMENT

17.    Marked as "Exhibit A" and attached hereto and incorporated herein for all purposes is a true and correct copy of the Notice of Right to Sue from the Equal Employment Opportunity Commission granting the plaintiff the authority to bring this lawsuit.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff,

KAPADIA, NALIN H., prays that the Court grant him the following relief as against the Defendant, LABORATORY CORPORATION OF AMERICA:

   (a)  general damages as stated above;

   (b)  special damages as stated above;

   (c)  exemplary damages when and if permitted;

   (d)  prejudgment interest at the maximum rate;

   (e)  postjudgment interest at the maximum rate;

   (f)  and such further relief, at law and in equity, to which the Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED:

LAW OFFICE OF STEPHEN E. MENN
P.O. BOX 572774
HOUSTON, TEXAS 77257-2774
PHONE 832-654-2948
FAX 888-653-4543
stephen_menn@sbcglobal.net

BY:   /s/Stephen E. Menn
STEPHEN E. MENN
TEXAS BAR NO. 13942200

9

EEOC Form 161 (11/16)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nalin H. Kapadia<br>23015 FAIRLEAF CIR<br>Katy, TX 77494 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

|  ☐  | *On behalf of person(s) aggrieved whose identity is* |
|---|---|
|  | *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **460-2019-06232** | **Samantha Salazar,**<br>**Investigator** | **(713) 651-4965** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Samantha Salazar*

for    **Rayford O. Irvin,**
      **District Director**

09/25/2019

*(Date Mailed)*

Enclosures(s)

cc:
Jennifer Dupuy
Counsel
LABORATORY CORPORATION OF AMERICA
531 South Spring St., Ste. 200
Burlington, NC 27215

TWC - Civil Rights Division
101 East 15th St.
Guadalupe-CRD
Austin, TX 78778

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***